IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| JAMES WILLIE EDWARDS | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 1:06cv321 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM OPINION AND ORDER

Movant James Willie Edwards, a prisoner confined in the Federal Correctional Institution in Beaumont, Texas, proceeding *pro se*, filed this motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255.

Factual Background and Prior Proceedings

On February 6, 2003, movant was charged in a Criminal Complaint in the Eastern District of Texas with Possession with Intent to Distribute five grams or more but less than 50 grams of Cocaine Base in violation of Title 21 U.S.C. § 841(a)(1). On March 5, 2003, a federal Grand Jury returned a one-count Indictment, charging movant with the same offense as that charged in the Criminal Complaint.

On April 11, 2003, movant filed a motion to suppress evidence, and on June 2, 2006, movant filed additional Motions for Identity and Equal Access to Government's Informant Witness and Motion for Hearing on Discovery. A hearing was conducted on June 24, 2003 to consider these motions. On September 2, 2003, the Court issued an order denying movant's Motion to Suppress, Motion for Equal Access to Government's Informant Witness and denying in part and granting in part movant's Motion for Hearing on Discovery.

On September 22, 2003, movant entered a conditional plea of guilty to the single count Indictment pursuant to Federal Rule of Civil Procedure 11(a)(2), allowing him an opportunity to appeal the denial of his Motion to Suppress.

The criminal proceedings through this stage of the case had been before the Honorable Howell Cobb, District Judge. However, on May 10, 2004, this case was transferred to the Honorable Thad Heartfield, District Judge.

On May 26, 2004, a sentencing hearing was conducted. Movant's counsel argued each of his nine objections to the Pre-Sentence Investigation Report (PSR) and the Court overruled all of his objections. Movant was subsequently sentenced to a term of 130 months imprisonment to be followed by four years Supervised Release.

On June 1, 2004, movant filed a notice of appeal. On June 8, 2005, the judgment of the district court was affirmed by the Fifth Circuit Court of Appeals. *United States v. Edwards*, No. 04-40744 (5th Cir. June 8, 2005) (unpublished).

## The Motion to Vacate

Movant brings the present motion to vacate asserting the following grounds: (1) counsel provided ineffective assistance by failing to investigate all of the facts of the case, specifically that the court was without jurisdiction to entertain the case; (2) his plea of guilty was unlawfully induced and made unknowingly, involuntarily and without understanding of the charge and consequences of his plea; (3) he was denied due process when the district court did not allow him to cross-examine and confront an informant witness that was utilized in an investigation to obtain a search and warrant; and (4) the district court violated his Fifth and Sixth Amendment rights when he was sentenced on facts that were not found by a jury beyond a reasonable doubt.

Analysis

There are four separate grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255: (1) The sentence was imposed in violation of the constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; and (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255; *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995).

"Challenging a conviction and sentence with a section 2255 motion is 'fundamentally different from a direct appeal.'" *United States v. Samuels*, 59 F.3d 526, 528 (5th Cir. 1995) (quoting *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992)). Following a conviction and exhaustion or waiver of any right to appeal, a criminal defendant is presumed to stand fairly and finally convicted. *United States v. Shaid*, 937 F.2d 228, 231-232 (5th Cir. 1991) (en banc), *cert. denied*, 502 U.S. 1076 (1992). "Thus, on collateral attack, a defendant is limited to alleging errors of a 'constitutional or jurisdictional magnitude.'" *Samuels*, 59 F.3d at 528 (quoting *Shaid*, 937 F.2d at 232). Relief under § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if condoned, would result in a complete miscarriage of justice. *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). Nonconstitutional claims that could have been raised on direct appeal may not be asserted in a 28 U.S.C. § 2255 proceeding. *Id.*

*Effect of Guilty Plea*

A voluntary guilty plea waives all nonjurisdictional defects in the proceedings against the defendant. "This includes all claims of ineffective assistance of counsel, except insofar as the

3

alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea[.]" *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983) (internal and concluding citations omitted), *cert. denied*, 466 U.S. 906 (1984). To prevail on an ineffective assistance of counsel claim, the movant must show that his counsel's performance was deficient and that the deficiency prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068 (1984).

In the context of a guilty plea, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370 (1985). The court must determine that the plea represents "a voluntary choice among the alternative courses of actions open to the defendant." *Id.* 474 U.S. at 56, 106 S.Ct. at 369. Additionally, the Supreme Court has determined that "the representations of the defendant...[at a plea proceeding] as well as any findings made by the judge accepting the plea constitute a formidable barrier in any subsequent collateral proceedings. Solemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison,* 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629 (1977). "If a defendant understands the charges against him, understands the consequences of his guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea... will be upheld on federal review." *Stano v. Dugger,* 921 F.2d 1125, 1141 (11th Cir.)(en banc), *cert. denied,* 502 U.S. 835, 112 S.Ct. 116 (1991).

*Ineffective Assistance of Counsel*

In his first two grounds for relief, movant claims counsel provided ineffective assistance. When addressing the issue of what a petitioner must prove to demonstrate an actual ineffective assistance of counsel claim, courts look to the standard set forth in *Strickland v. Washington,* 466

U.S. 668, 104 S.Ct. 2052 (1984). *See United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004).

In order to show that counsel was ineffective a petitioner must demonstrate:

> first... that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings it cannot be said that the conviction or death sentence resulted in a breakdown of the adversarial process that renders the result unreliable.

*Strickland,* 466 U.S. at 687. In order to prove the prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Day v. Quaterman*, 566 F.3d 527, 536 (5th Cir. 2009). The petitioner must "affirmatively prove," not just allege, prejudice. *Id.* If the petitioner fails to prove the prejudice component, the court need not address the question of counsel's performance. *Id.* A reviewing court "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins,* 950 F.2d 1054, 1065 (5th Cir. 1992).

The burden of proof in a habeas corpus proceeding attacking the effectiveness of trial counsel is upon petitioner, who must demonstrate counsel's ineffectiveness by a preponderance of the evidence. *Martin v. Maggio,* 711 F.2d 1273 (5th Cir. 1983). In determining the merits of an alleged Sixth Amendment violation, a court "must be highly deferential" to counsel's conduct. *Strickland,* 466 U.S. at 687.

Whether the representation was deficient is determined as measured against an objective standard of reasonableness. *Kitchens v. Johnson*, 190 F.3d 698, 701 (5th Cir. 1999). "A conscious and informed decision on trial tactics and strategy cannot be the basis for constitutionally ineffective

assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." *United States v. Jones*, 287 F.3d 325, 331 (5th Cir. 2002) (quoting *Garland v. Maggio*, 717 F.2d 199, 206 (5th Cir. 1983)).

    a.    <u>Jurisdiction of the Court</u>

In his first ground, movant asserts that counsel provided ineffective assistance because he failed to advise movant that the federal court did not have jurisdiction over his case. However, as explained below, movant's claim fails to show either deficient performance or prejudice.

In order to punish drug offenses such as those codified in 21 U.S.C. § 841(a)(1) and 846, Congress enacted § 401(a)91) and § 406 of Title II of the Comprehensive Drug Abuse Prevention and Control Act of 1970. The Commerce Clause specifically allows the federal government to punish drug offenses such as these on the ground that they affect interstate commerce, even without proving that the particular acts at tissue affected interstate commerce. *United States v. Lopez*, 459 F.2d 949, 950-53 (5th Cir. 1972) (holding that Title 21 U.S.C. §§ 841 and 846 are constitutional. Thus, an objection raised by movant's counsel would have been frivolous. In *Clark v. Collins*, 19 F.3d 959 (5th Cir. 1994), the Fifth Circuit held that the "failure to raise meritless objections is not ineffective lawyering; it is the very opposite." *Id.* Accordingly, movant's ground is without merit.

    b.    <u>Investigation Regarding Suppression Hearing</u>

Next, movant asserts that counsel failed to investigate potential defense facts and evidence so that he could make an informed decision to waive certain rights, plead guilty, and receive a fair sentencing hearing. Movant contends counsels failure to investigate induced him to plead guilty.

In this case, movant contends that had counsel properly attacked the validity of the search warrant, the outcome would have been different. However, counsel did attack the search warrant,

but the search was held to be valid in both the district court and the court of appeals. On appeal, the Fifth Circuit found that the good faith exception to the exclusionary rule applied to this case, and, thus, the district court did not err when it denied movant's motion to suppress. *Edwards*, No. 04-40744 at *4. While movant contends his plea was involuntary and coerced, movant has failed to show involuntariness of the plea or that he was somehow coerced into pleading guilty, as opposed to making a voluntary choice to plead guilty in an attempt to minimize his sentence length in light of his inability to have certain evidence suppressed. Movant has failed to show deficient performance or prejudice with respect to his claim.

*Due Process*

In his third ground for review, movant asserts he was denied due process to cross-examine and confront an informant witness. However, movant raised this claim on direct appeal. The Fifth Circuit found that the government was not required to disclose the identity of the informant because the privilege of nondisclosure overrides movant's rights under the Confrontation Clause. *Edwards*, No. 04-40744 at *2-3. Because this issue was raised and rejected on direct appeal, movant is barred from raising it on collateral review. *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is well settled in this Circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 motions."). Accordingly, this issue should be denied.

*Booker*

Next, movant claims the district court violated his Fifth and Sixth Amendment rights when he was sentenced on facts that were not found by a jury beyond a reasonable doubt. However,

movant's claims are without merit. The Fifth Circuit Court of Appeals has expressly addressed consideration of *Apprendi, Blakely and Booker*[1] on collateral review:

> [I]t is clear that *Booker* has not been made retroactive to cases on collateral review by the Supreme Court. The Supreme Court did not so hold in *Booker*, nor has the Court done so in any case since *Booker*. The same is true with respect to *Apprendi* and *Blakely*. In fact, in *Booker*, the Court expressly held that both the Sixth Amendment holding and its remedial interpretation apply "to all cases on direct review." 125 S.Ct. at 769 (emphasis added). The Court could have, but did not, make any reference to cases on collateral review.
>
> In addition, the Supreme Court has not rendered any decision or combination of decisions that, while not expressly making the rule of *Apprendi, Blakely* and *Booker* retroactive, "necessarily dictate[s] retroactivity" of that rule. *Tyler*, 533 U.S. at 666, 121 S.Ct. 2478, 150 L.Ed.2d 632. To the contrary, the Supreme Court has strongly suggested that *Apprendi* and, by logical extension, *Blakely* and *Booker* do not apply retroactively on collateral review. *See Schriro v. Summerlin*, 542 U.S. 348, 124 S.Ct. 2519, 2526, 159 L.Ed.2d 442 (2004) (holding that *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), which extended application of Apprendi to facts increasing a defendant's sentence from life imprisonment to death, does not apply retroactively to cases on collateral review).

*In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005). Further, the Fifth Circuit has held that the *Booker* decision does not apply retroactively on collateral review to a first § 2255 motion. *See United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005). Thus, *Apprendi, Blakely* and *Booker* are not available to movant in this initial collateral review. Accordingly, movant's issue should be denied.

## Conclusion

For the reasons set forth above, this motion to vacate, set aside or correct sentence will be denied. A Final Judgment shall be entered in accordance with this Memorandum Opinion.

---

[1] *See Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

**SIGNED** this the **31** day of **August, 2009.**

_____
Thad Heartfield
United States District Judge